IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DEUTSCHE LUFTHANSA AG, a foreign corporation | ) ) ) | |
| Plaintiff, | ) ) | Case No.: _____ |
| v. | ) ) ) | |
| The MASSACHUSETTS PORT AUTHORITY, an independent public authority of the Commonwealth of Massachusetts, | ) ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff, DEUTSCHE LUFTHANSA AG ("Lufthansa"), by and through its attorneys, Condon & Forsyth LLP, seeks compensation for damage to the engine of a B747-type aircraft, Registration No. D-ABVH, (the "Aircraft") incurred at Logan International Airport ("Logan") on February 9, 2015, due to the negligence of defendant, MASSACHUSETTS PORT AUTHORITY ("Massport"), in clearing the taxiway and/or runway during and/or immediately after inclement winter weather.

## THE PARTIES

1.      The plaintiff, Lufthansa, is a foreign airline company organized and existing under the laws of the Federal Republic of Germany; maintains its principal place of business at Von-Gablenz-Strasse 2-6, Cologne, 50679, Germany; and operates flights into and out of Logan.

2.      The defendant, Massport, is an "independent body politic" created under the rules and laws of the Commonwealth of Massachusetts and is engaged in the business of owning, operating, inspecting, and maintaining airports within Massachusetts, including Logan International Airport, operating in or near Boston, Massachusetts.

1

## JURISDICTION AND VENUE

3.     The Federal Court of the District of Massachusetts has subject matter jurisdiction over this matter based on 28 U.S. Code § 1332, because there is complete diversity of citizenship and the value of the matter in controversy exceeds $75,000.

4.     The Federal Court of the District of Massachusetts has subject matter jurisdiction over this matter based on 28 U.S. Code § 1331, because this matter arises under the Constitution, laws, or treaties of the United States, namely 14 C.F.R. § 139.313 inclusive of its statutory authority.

5.     The Federal Court of the District of Massachusetts has personal jurisdiction over Massport because Massport is domiciled in, organized under the laws of, and maintains its principal place of business in the Commonwealth of Massachusetts.  Mass. Gen. Laws Ann. ch. 223A, §§ 1-4.

6.     The Federal Court of the District of Massachusetts has personal jurisdiction over Massport because the act or omission that caused the damages occurred in the Commonwealth of Massachusetts.  Mass. Gen. Laws Ann. ch. 223A, §§ 1-4.

7.     Venue is appropriate in the District of Massachusetts because Massport is a resident of the State in which the district is located and a substantial part, if not all, of the events or omissions giving rise to the claim occurred within the State in which the district is located. *See* 28 U.S. Code § 1391.

## NOTICE OF CLAIM

8.     On March 3, 2015, Lufthansa, or its representatives, affiliates, insurance companies, or other affiliated entities, provided a letter constituting proper notice of this claim against MASSPORT, to the extent required by any applicable law.

## FACTUAL ALLEGATIONS

9.      On February 9, 2015, a B747-type aircraft, owned and/or operated by Lufthansa, with Registration Number D-ABVH, was taxiing to take off at Logan in Boston, Massachusetts, with an intended destination of Frankfurt, Germany.

10.      The Aircraft was operating as flight LH 423, inclusive of all codeshare or other flight numbers associated with ticketed or non-ticketed fares.

11.      On February 9, 2015, Logan was experiencing or had experienced a severe winter storm that caused intermittent closures of several runways due to the accumulation of snow and/or ice.

12.      As the Aircraft taxied, engine number 4 (the starboard or right-most engine) "hit" a snowbank positioned by Massport on the side of the taxiway.

13.      When the Aircraft "hit" the snowbank, the engine "shoveled" or otherwise ingested a large amount of snow and/or ice causing it to shut down.

14.      Lufthansa flight crew and ground crew were unable to restart the engine on February 9, 2015.

15.      Flight LH 423 was canceled.

16.      The passengers on flight LH 423 were either rebooked on another Lufthansa flight, they were booked in a local hotel to depart on another date, or they were provided some other form of relief or rebooking, depending on their itinerary.

## <u>MASSPORT DUTY</u>

17.      Massport has a duty to ensure that runways and taxiways at Logan are free of ice and snow and a duty to ensure that aircraft can traverse the airport safely.

18.      Massport is an "airport certificate holder" pursuant to Federal Aviation

3

Regulations 14 C.F.R. § 139.1 *et seq.*

19.     Airport certificate holders are required to meet and comply with the standards and regulations outlined in 14 C.F.R. § 139.1 *et seq.*

20.     Under 14 C.F.R. § 139.313(b)(2), an airport certificate operator is responsible for "[p]ositioning snow off the movement area surfaces so all air carrier aircraft propellers, engine pods, rotors, and wing tips will clear any snowdrift and snowbank as the aircraft's landing gear traverses any portion of the movement area…"

21.     On February 9, 2015 and at all other relevant times, there was inclement weather resulting in the accumulation of snow and/or ice on the taxiways and runways at Logan.

22.     On February 9, 2015 and at all other relevant times, Massport was obligated to remove snow and ice from the taxiways and runways.

23.     On February 9, 2015 and at all other relevant times, Massport did actually clear snow from the taxiways and runways but did not properly clear it such that the engine of a B747-type aircraft could traverse the taxiways and runways safely.

24.     On February 9, 2015 and at all other relevant times, because of the way Massport positioned snow and/or ice on the side of the taxiways and runways, engine number 4 (the starboard or right-most engine) of the Aircraft struck a snowbank.

25.     Massport has a Lease Agreement or other Contract with Lufthansa wherein it agreed to comply with all federal regulations, including 14 C.F.R. § 139.313(b)(2).

26.     The clearing of taxiways and runways is a "proprietary function" for which a governmental entity is not relieved of liability.

27.     Accordingly, due to the actions, negligence, or other failure of Massport, on February 9, 2015, the right- or starboard-most engine of the Aircraft struck a "snowbank"

positioned by Massport, and as a result, the Aircraft ingested snow and/or ice and was damaged.

## ENGINE DAMAGE

28.     The engine of the Aircraft suffered significant damage to multiple components from the ingestion of snow and/or ice.

29.     At, in, or near Logan, Lufthansa had to remove and/or change the damaged engine of the Aircraft.

30.     After the damaged engine was removed, the Aircraft was inoperable and Lufthansa could not otherwise use the Aircraft for approximately ten days.

31.     Once the Aircraft received a replacement engine or was otherwise able to operate safely, the Aircraft had to be "repositioned" and/or "ferried" to the correct airport, i.e., flown without passengers, in order to continue its regularly scheduled operations.

32.     Lufthansa did not have access to facilities to assess the damage to the engine in the United States.

33.     Lufthansa did not have access to facilities to repair the damage to the engine in the United States.

34.     Due to the extent of damage, the damaged engine had to be and was transported to facilities in Hamburg, Germany for a complete inspection and repair.

35.     Upon inspection, it was determined that the engine suffered damage including, but not limited to, the following:

        a.   The core engine was contaminated with "granulate material";

        b.   Thirty-eight fan blades had to be replaced; and

        c.   The fan disk had to be replaced.

36.     The repair facilities took actions to repair the damage (identified in paragraph 35),

caused by the ingestion of ice and/or snow.

## COUNT I – NEGLIGENCE *PER SE*
## FOR FAILURE TO COMPLY WITH FEDERAL LAW REQUIRING MASSPORT
## TO CLEAR SNOW AND ICE FROM THE TAXIWAYS AND RUNWAYS

37.     Plaintiff Lufthansa hereby re-alleges and incorporates the allegations of paragraphs 1-36 as if fully set forth herein.

38.     At all times relevant to this Complaint, Massport owned, operated, maintained or otherwise was responsible for the safety and operation of Logan, a publicly owned and operated airport.

39.     Massport is an "airport certificate holder" pursuant to Federal Aviation Regulations 14 C.F.R. § 139.1 et seq.

40.     Massport negligently failed to meet and comply with the standards and regulations governing airport certificate holders under 14 C.F.R. § 139.1 *et seq.*

41.     Massport negligently failed to position snow off the movement area surfaces so all air carrier aircraft propellers, engine pods, rotors, and wing tips would clear any snowdrift and snowbank as the aircraft's landing gear traverses any portion of the movement area.

42.     Under Federal laws, rules, and regulations, Massport had a duty to clear and to position snow in such a way that an aircraft would not come into contact with a snowdrift or snowbank and Massport failed to meet this duty.

43.     Massport knew or should have known that its failure to properly and safely abide by the applicable regulations would create an unreasonable risk of damage to the Aircraft and its actions constituted negligence *per se*.

44.     As a direct and proximate result of Massport's failure to comply with federal regulations, Lufthansa is entitled to damages for:

a.  The cost to repair the engine of the Aircraft as well as any attendant damage to other parts of the aircraft;

b.  The cost of rebooking, compensating, and providing care to the passengers who were being carried on flight LH 423, in the form of hotels, meals, and taxi costs;

c.  Consequential damages caused by the loss of use of the aircraft; and

d.  Any and all other damages owed to Lufthansa caused by Massport's failure to meet its duties, responsibilities, and/or obligations.

**COUNT II – BREACH OF CONTRACT**

45.    Plaintiff Lufthansa hereby re-alleges and incorporates the allegations of paragraphs 1-44 as if fully set forth herein.

46.    Massport has a Lease Agreement or other Contract with Lufthansa wherein Massport agreed to comply with all applicable federal regulations.

47.    In the Lease Agreement or other Contract, Massport agreed to abide by all applicable federal regulations including 14 C.F.R. § 139.313.

48.    By failing to position snow and/or ice on the side of the taxiways and runways such that components of the aircraft, such as the engines, would not come into contact with them, Massport has failed to comply with the obligations outlined in its Lease Agreement or other Contract.

49.    Massport breached its Lease Agreement or other Contract with Lufthansa by failing to clear snow and/or ice from the taxiways and runways properly.

50.    As a direct and proximate result of Massport's breach of contract, Lufthansa is entitled to damages for:

7

a. The cost to repair the engine of the Aircraft as well as any attendant damage to other parts of the aircraft;

b. The cost of rebooking, compensating, and providing care to the passengers who were being carried on flight LH 423, in the form of hotels, meals, and taxi costs;

c. Consequential damages caused by the loss of use of the aircraft; and

d. Any and all other damages owed to Lufthansa caused by Massport's failure to meet its contractual duties, responsibilities, and/or obligations.

## COUNT III – GENERAL NEGLIGENCE

51.    Plaintiff Lufthansa hereby re-alleges and incorporates the allegations of paragraphs 1-50 as if fully set forth herein.

52.    At all times relevant to this Complaint, Massport owned, operated, maintained or otherwise was responsible for the safety and operation of Logan, a publicly owned and operated airport.

53.    At all times relevant to this Complaint, Massport owed, and still owes, a duty to airlines and aircraft operators to maintain the safety of the airport and to not cause damage to aircraft.

54.    On or around February 9, 2015, it snowed in the area at or near Logan, resulting in the accumulation of snow and/or ice on the taxiways and runways at Logan.

55.    On or around February 9, 2015, Massport negligently cleared the taxiways and runways of the airport of snow and/or ice, by placing snow and/or ice on the sides of the runways and taxiways.

56.    On or around February 9, 2015, Massport caused or contributed to the creation of

8

snowbanks and/or snowdrifts on the sides of the taxiways and runways at Logan.

57.     On or around February 9, 2015, Massport failed to position the snow off the movement area surfaces in such a way that all air carrier aircraft propellers, engine pods, rotors, and wing tips would clear any snowdrift and snowbank as the aircraft's landing gear traverses any portion of the movement area.

58.     On February 9, 2015, the Aircraft struck a snowbank and/or snowdrift, which Massport caused or contributed to or which Massport negligently failed to clear sufficiently.

59.     As a direct and proximate result of Massport's negligence, Lufthansa is entitled to damages for:

    a.  The cost to repair the engine of the Aircraft as well as any attendant damage to other parts of the aircraft;

    b.  The cost of rebooking, compensating, and providing care to the passengers who were being carried on flight LH 423, in the form of hotels, meals, and taxi costs;

    c.  Consequential damages caused by the loss of use of the aircraft; and

    d.  Any and all other damages owed to Lufthansa caused by Massport's failure to meet its duties, responsibilities, and/or obligations.

### COUNT IV – MASSPORT HAD A PROPRIETARY DUTY TO CLEAR SNOW AND ICE FROM THE RUNWAYS AT LOGAN

60.     Plaintiff Lufthansa hereby re-alleges and incorporates the allegations of paragraphs 1-60 as if fully set forth herein.

61.     At all times relevant to this Complaint, Massport owned, operated, maintained or otherwise was responsible for the safety and operation of Logan, a publicly owned and operated airport.

62.     On or around February 9, 2015, it snowed in the area at or near Logan, resulting in the accumulation of snow and/or ice on the runways at Logan.

63.     Logan is a public airport owned and operated by Massport, a governmental entity.

64.     Massport was created by the Commonwealth of Massachusetts to provide services to the public, including the safe use of the airport.

65.     The clearance of snow and ice from a public airport is a "proprietary duty" charged to Massport by the Commonwealth of Massachusetts.

66.     The failure of a public or governmental entity to meet its "proprietary duty" means that the public or governmental entity is liable for injuries proximately caused by such failure.

67.     On February 9, 2015 and at all other relevant times, Massport failed to fulfil its proprietary duty to clear properly snow and ice from the taxiways and runways at Logan.

68.     On February 9, 2015 and at all other relevant times, Massport failed to position snow off the movement area surfaces so all air carrier aircraft propellers, engine pods, rotors, and wing tips would clear any snowdrift and snowbank as the aircraft's landing gear traverses any portion of the movement area.

69.     On February 9, 2015 and at all other relevant times, Massport failed to operate Logan in a reasonably safe manner.

70.     Massport is liable for damages caused by its failure to meet its proprietary duty.

71.     As a direct and proximate result of Massport's failure to meet its proprietary duty to operate Logan safely, Lufthansa is entitled to damages for:

        a.  The cost to repair the engine of the Aircraft as well as any attendant damage to other parts of the aircraft;

10

b. The cost of rebooking, compensating, and providing care to the passengers who were being carried on flight LH 423, in the form of hotels, meals, and taxi costs;

c. Consequential damages caused by the loss of use of the aircraft; and

d. Any and all other damages owed to Lufthansa caused by Massport's failure to meet its duties, responsibilities, and/or obligations.

## COUNT V – LOSS OF USE AND ENJOYMENT

72.     Plaintiff Lufthansa hereby re-alleges and incorporates the allegations of paragraphs 1-71 as if fully set forth herein.

73.     At all times relevant to this Complaint, Massport owned, operated, maintained or otherwise was responsible for the safety and operation of Logan, a publicly owned and operated airport.

74.     At all times relevant to this Complaint, Massport owed, and still owes, a duty to airlines and aircraft operators to maintain the safety of the airport and to not cause damage to aircraft.

75.     On or around February 9, 2015, it snowed in the area at or near Logan, resulting in the accumulation of snow and/or ice on the taxiways and runways at Logan.

76.     On or around February 9, 2015, Massport cleared the runways and taxiways of the airport of snow and/or ice, by placing snow and/or ice on the sides of the taxiways and runways.

77.     On or around February 9, 2015, Massport caused or contributed to the creation of snowbanks and/or snowdrifts on the sides of the taxiways and runways at Logan.

78.     On February 9, 2015, the Aircraft struck a snowbank and/or snowdrift that Massport caused or contributed to or for which Massport had a duty to clear.

11

79.     As a result of Massport's acts, Lufthansa was unable to use its property, the Aircraft, during the period of its repair.

80.     As a result of Massport's acts, Lufthansa is entitled to damages stemming from the loss of use and/or quiet enjoyment of the Aircraft during the period of repair.

## JURY DEMAND

Plaintiff demands trial by jury on all issues in this matter.

## REQUEST FOR RELIEF

WHEREFORE, plaintiff DEUSTCHE LUFTHANSA AG prays for judgment against defendant awarding:

1.     Compensatory damages in a sum to be determined at trial, greater than Two Million Seven Hundred and Sixty One Thousand Five Hundred Dollars and Ninety-Eight Cents ($2,761,500.98);

2.     Pre-judgment interest; and

3.     An award to the plaintiff of the costs of suit and post-judgment interest, with respect to each and every claim for relief, and also an award to the plaintiff of the costs of suit, attorneys' fees, post-judgment interest and any other relief to which plaintiff may be entitled and which the Court deems just and proper

Dated: September 7, 2017              Respectfully submitted,

                                      CONDON & FORSYTH LLP

                                      By: /s/ Anthony U. Battista
                                      Anthony U. Battista
                                      Robert D. Alaimo
                                      7 Times Square
                                      New York, New York 10036
                                      Telephone: (212) 894-6700
                                      Facsimile: (212) 370-4453

Plaintiff,

DEUTSCHE LUFTHANSA AG,
By its counsel,

MCGOWAN, NICHOLS & LAVIN

9.7.17

Owen P. McGowan – BBO # 550423
opm@mcgowanassociateslaw.com
Christopher J. Greeley – BBO # 670305
cjg@mcgowanassociateslaw.com
80 Washington Street, C20
Norwell, MA 02061
(781) 261-9977