UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DEUTSCHE LUFTHANSA AG,<br><br>Plaintiff,<br><br>v.<br><br>MASSACHUSETTS PORT AUTHORITY,<br><br>Defendant. | No. 17-cv-11702-DJC |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                                   **July 18, 2018**

**I.     Introduction**

Plaintiff Deutsche Lufthansa AG ("Lufthansa") brings claims against the Massachusetts Port Authority ("Massport") related to an inclement weather episode. D. 1. Massport moves to dismiss certain counts of Lufthansa's complaint, D. 15, and strike Lufthansa's jury demand, D. 17. For the following reasons, the Court ALLOWS Massport's motion to strike the jury demand, D. 17, and ALLOWS Massport's motion to dismiss, D. 15, with respect to Count I (negligence per se), Count IV (proprietary liability), and Count V (loss of use and enjoyment), but DENIES Massport's motion to dismiss with respect to Count II (breach of contract).

**II.    Standard of Review**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013). The Court

"must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007).

## III. Factual Background

The following facts are based upon the allegations in complaint, D. 1. Lufthansa is a foreign airline company that operates flights in and out of Logan International Airport ("Logan"). D. 1 ¶ 1. Massport is the owner and operator of Logan. D. 1 ¶ 2. On February 9, 2015, an aircraft owned and/or operated by Lufthansa ("the Aircraft") hit a snowbank on the side of the taxiway with one of its engines as it was being taxied. D. 1 ¶¶ 9, 12. The collision with the snowbank caused the engine to shut down, leading to the cancellation of the flight. D. 1 ¶¶ 13-15. As a result, the passengers on that flight were rebooked onto another Lufthansa flight, booked in a local hotel, or granted some other form of relief by Lufthansa. D. 1 ¶ 16. The Aircraft remained inoperable for ten days and the damaged engine was replaced. D. 1 ¶¶ 29, 30. Lufthansa now brings claims against Massport for negligence per se based on Massport's obligations under federal law; breach of contract; general negligence; proprietary duty; and loss of use and enjoyment. D. 1.

Massport and Lufthansa entered into two relevant contracts with each other: 1) "Boston-Logan International Airport Terminal Lease between [Massport] and [Lufthansa]," (the "Lease Agreement"), D. 16-1, and 2) an "Operating Agreement," D. 21-1.

## IV. Procedural History

Lufthansa filed its complaint on September 8, 2017. D. 1. Massport then moved to dismiss all counts in the complaint except for the claim for general negligence (Count III) and to strike Lufthansa's jury demand. D. 15, D. 17. The Court heard argument on both motions and took the matters under advisement. D. 36.

V.   **Motion to Dismiss**

   A.   <u>**Count I:  Negligence Per Se**</u>

Lufthansa contends that, under 14 C.F.R. § 139.313, Massport was obligated to "prepare, maintain, and carry out a snow and ice control plan" that includes procedures for "prompt removal or control, as completely as practical, of snow, ice, and slush on each movement area" and "positioning snow off the movement area surfaces so all air carrier aircraft propellers, engine pods, rotors, and wing tips will clear any snowdrift and snowbank as the aircraft's landing gear traverses any portion of the movement area."  D. 1 ¶¶ 39-42.  Lufthansa further argues that Massport's failure to abide by the obligations set forth in the federal regulation gives rise to a negligence per se action under Massachusetts law.  D. 21 at 4.  Massport contends that negligence per se is not a separate cause of action under Massachusetts law.  D. 16 at 4.

In <u>Bennett v. Eagle Brook County Store, Inc.</u>, 408 Mass. 355, 358–59 (1990), the Supreme Judicial Court noted that "[i]t has long been the rule in this Commonwealth that violation of a statute does not by itself establish a breach of duty, for it does not constitute negligence per se.  Rather, violation of a statute . . . is only some evidence of the defendant's negligence as to all consequences the statute was intended to prevent."  <u>Id.</u>  (citation omitted).  The Supreme Judicial Court has repeatedly reaffirmed the principle that negligence per se does not exist as a cause of action independent from a general negligence action because violation of the statute can only be some evidence of the defendant's negligence.  See <u>Lev v. Beverly Enterprises-Massachusetts, Inc.</u>, 457 Mass. 234, 245 (2010) (holding that "[i]t is only where a duty of care exists that the violation of a statute, ordinance, regulation, or policy is relevant because it constitutes some evidence of a defendant's negligence");  <u>Juliano v. Simpson</u>, 461 Mass. 527, 532 (2012) (stating that Massachusetts "does not follow the doctrine of negligence per se, whereby the standard of lawful

3

conduct in a criminal statute also sets a standard of care for tort actions and thus violation of a statute, without more, may establish a breach of duty").

Lufthansa contends that the negligence per se count should survive because the harm caused by Massport's conduct amounted to the type of harm that the federal regulation at issue was meant to prevent. D. 21 at 5. But, even if that were true, that would only mean that the regulation would be evidence relevant to whether Massport breached its duty of care under a general negligence theory – the cause of action raised by Lufthansa in Count III and not challenged by Massport in its motion to dismiss. See Bennett, 408 Mass. at 358-59. Thus, Massport's motion to dismiss the negligence per se count is ALLOWED, although evidence related to the regulation may be relevant with respect to Count III.

### B. Count II: Breach of Contract

In its complaint, Lufthansa alleged that Massport had "a Lease agreement or other Contract with Lufthansa wherein Massport agreed to comply with all applicable federal regulations," including 14 C.F.R. § 139.313. D. 1 ¶¶ 46-47. Massport moved to dismiss on the basis that Lufthansa had not identified the contract at issue. D. 16 at 6. Lufthansa, in its response, points to and attaches the Operating Agreement between Lufthansa and Massport. D. 21 at 6; D. 21-1. That agreement requires that Massport "comply with the requirements of 14 C.F.R. part 139 and shall otherwise have no responsibility or liability for any loss of or damage to furnishings, fixtures, equipment, or other personal property of [Lufthansa]." D. 21-1 at 11. Massport contends that the complaint alleges only that Massport negligently performed its contractual snow-clearing obligation, but does not allege that Massport breached its obligation, and thus that the complaint fails to state a claim for breach of contract. D. 26 at 3; see Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co., 439 Mass. 387, 396 (2003) (holding that "negligence in the manner of performing [a

contractual] duty as distinguished from mere failure to perform it, causing damage, is a tort" rather than the basis for a breach of contract claim) (citation omitted).

The regulations incorporated by reference into the contract, however, specify that Massport is obligated to "carry out" a "snow and ice control plan" that "position[s] snow off the movement area surfaces so all air carrier . . . engine pods . . . will clear any snowdrift and snowbank as the aircraft's landing gear traverses any portion of the movement area," 14 C.F.R. § 139.313, and the complaint alleges that Massport failed to position snow in such a manner – not that Massport did position the snow in such a manner but did so negligently. The allegations as to Count II are, therefore, distinguishable from the cases cited by Massport, D. 16 at 8, D. 26 at 4, where there was no provision of the contract requiring the defendant to perform a task to a particular specification which the defendant had failed to meet. See Rodriguez v. Mass. Bay Transp. Auth., No. SUCV2015-03426-BLS1, 2016 WL 1426303, at *7 (Mass. Super. Mar. 31, 2016) (dismissing the breach of contract claim based on the defendant's failure to run trains on the standard timetable because "there is no contract term requiring the operation of any particular train") and Il Palazzo Corp. v. City of Worcester, No. 031022, 2009 WL 2506267, at *3 (Mass. Super. July 2, 2009) (dismissing the breach of contract claim because the defendants were "present and working" as the contract required and "the only conceivable breach of the contract to provide security to the club is that officers Boss and Sullivan were negligent in providing that security"). Thus, the complaint states a claim for breach of contract, and Massport's motion to dismiss this count is DENIED.

C. **Count IV: Proprietary Duty**

Massport contends that Massachusetts law does not recognize a cause of action for "breach of proprietary duty" apart from a general negligence cause of action. D. 16 at 8-9. Lufthansa, at

the motion hearing, agreed to withdraw this count. Thus, Massport's motion to dismiss the proprietary duty count is ALLOWED.

### D. Count V: Loss of Use and Enjoyment

Finally, Massport contends that the complaint does not state a claim for loss of use and enjoyment of the Aircraft because the Lease Agreement between Massport and Lufthansa limits the availability of consequential damages. D. 16 at 9-10. Lufthansa, at the hearing, withdrew its claim for the loss of use and enjoyment. D. 36. Accordingly, the Court ALLOWS Massport's motion to dismiss Lufthansa's claim for loss of use and enjoyment.

## VI. Motion to Strike Jury Demand

Massport contends that Lufthansa waived its right to a jury trial of its claims by signing the Lease Agreement, which provides that Lufthansa and Massport "hereby waive trial by jury in any action, proceeding or counterclaim brought by either party against the other or any matter whatsoever arising out of or in any way connected with this Lease, the relationship of the [Massport] and [Lufthansa] created hereby, [Lufthansa's] use or occupancy of the Premises, and/or any claim for injury or damage." D. 18 at 1-2; D. 18-1 at 51. Specifically, Massport contends that this dispute is a matter "arising out of" or "connected" in some way to the Lease Agreement, Massport's relationship with Lufthansa created in the Lease Agreement, or Lufthansa's use and occupancy of the Premises. D. 18 at 3. Lufthansa contends that the Lease Agreement does not govern this dispute because the Lease Agreement does not extend to the taxiways of Logan, but rather that the Operating Agreement instead governs disputes regarding the taxiways. D. 22 at 4. The Operating Agreement does not contain a jury waiver provision. D. 22-1.

Lufthansa is not correct that the Lease Agreement does not extend to the taxiways of Logan. Under Section 4.4(c) of the Lease Agreement, Massport "grants [Lufthansa] a nonexclusive license to use, in common with others, . . . the Airport's landing field facilities for taxiing, landing, taking

6

off, or flying aircraft." D. 18-1 at 13. The Lease Agreement, in Section 18.1(d), also requires Lufthansa to enter into and abide by the terms of the Operating Agreement, which Lufthansa agrees extends to the taxiways of Logan. D. 18-1 at 47. Although the Operating Agreement contains more detail regarding the taxiways than the Lease Agreement, the Lease Agreement does address the taxiways, and therefore disputes related to the taxiways are, in some way, "connected" to the Lease Agreement. It is thus not necessary to resolve whether the Operating Agreement and Lease Agreement should be interpreted together or not, as the jury waiver provision of the Lease Agreement is broad enough to cover this dispute.

## VII. Conclusion

For the foregoing reasons, the Court ALLOWS Massport's motion to strike the jury demand, D. 17, and ALLOWS Massport's motion to dismiss, D. 15, with respect to Count I (negligence per se), Count IV (proprietary liability), and Count V (loss of use and enjoyment), but DENIES Massport's motion to dismiss with respect to Count II (breach of contract). Accordingly, Count II (breach of contract) and Count III (general negligence), the sole count which Massport did not challenge in its motion to dismiss, will proceed.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge